UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------X

WILLIE BROWN,

               *Plaintiff*,

  -*against*-

THE CITY OF NEW YORK; NEW YORK
CITY POLICE DEPARTMENT; POLICE
OFFICER POM SEDA, A., Shield #8473;
POLICE SERGEANT ALTHAIBANI, A.;

               *Defendants*.

NOT FOR PUBLICATION

**MEMORANDUM & ORDER**

19-cv-2441(KAM)(LB)

----------------------------------X
**KIYO A. MATSUMOTO, United States District Judge:**

     *Pro se* plaintiff Willie Brown, ID number 17-R-1884, incarcerated at Riverview Correctional Facility at the time he commenced this action on June 11, 2019, pursuant to 42 U.S.C. § 1983, alleges false arrest and other claims related to his December 23, 2016 arrest.[1]  Plaintiff seeks compensatory and punitive damages jointly and severally against the defendants. Plaintiff's request to waive the filing fee is granted pursuant to 28 U.S.C. § 1915.  The complaint against the City of New York and the New York City Police Department ("NYPD") is dismissed but shall proceed against the remaining individual police

---

[1] On October 18, 2019, plaintiff updated the court with his current address, as reflected on the docket.  (ECF No. 12, Notice of Change of Address.) Plaintiff filed this action while incarcerated at Riverview Correctional Facility to two to four years for criminal possession of a firearm, a Class E felony under Article 265 of New York Penal Law § 265.01-B.  He has since been released on supervision.  The instant case action appears to be unrelated to Mr. Brown's previous criminal case.

officers.

## I. Background

The court assumes the truth of the allegations in the Complaint for this Memorandum and Order.  Plaintiff's complaint concerns his arrest on December 23, 2016 at a Brooklyn location near where a weapon was found.  (Compl. ¶¶ 9-12.)  He alleges that his arrest, which was not made pursuant to a warrant, was unlawful and that he spent thirty hours in detention due to the unlawful arrest.  (*Id.* ¶¶ 1, 13-17.)  At his arraignment on December 24, 2016, the Kings County District Attorney's office declined to prosecute.  Plaintiff asserts the following claims: false arrest, false imprisonment, negligent supervision and failure to take corrective action, intentional infliction of emotional distress, failure to intervene, and municipal liability.

## II. Discussion

### A. Standard of Review

Under 28 U.S.C. § 1915A, a district court "shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity."  28 U.S.C. § 1915A(a).  Upon review, a district court shall dismiss a prisoner's complaint *sua sponte* if the complaint is "frivolous, malicious, or fails to state a claim upon which relief may be granted; or seeks monetary relief from a defendant who is immune

from such relief." § 1915A(b)(1); *Liner v. Goord*, 196 F.3d 132, 134 & n.1 (2d Cir. 1999) (noting that under PLRA, *sua sponte* dismissal of frivolous prisoner complaints is not only permitted but mandatory); *see also Tapia-Ortiz v. Winter*, 185 F.3d 8, 11 (2d Cir. 1999) (per curiam).

Further, under 28 U.S.C. § 1915 (e)(2)(B), a district court shall dismiss an *in forma pauperis* action where it is satisfied that the action is "(i) frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). The court construes plaintiff's *pro se* pleadings liberally, particularly because they allege civil rights violations. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Sealed Plaintiff v. Sealed Defendant #1*, 537 F.3d 185, 191-93 (2d Cir. 2008).

Plaintiff brings this lawsuit pursuant to 42 U.S.C. § 1983. "Section 1983 provides a cause of action against any person who deprives an individual of federally guaranteed rights 'under color' of state law." *Filarsky v. Delia*, 566 U.S. 377, 383 (2012) (citing 42 U.S.C. § 1983). "Thus, to state a claim under Section 1983, a plaintiff must allege (1) the deprivation of any rights, privileges, or immunities secured by the Constitution and its laws, and (2) that the deprivation was 'committed by a person acting under the color of state law.'" *Harrison v. New York*, 95 F. Supp. 3d 293, 321 (E.D.N.Y. 2015)

(quoting *Cornejo v. Bell*, 592 F.3d 121, 127 (2d Cir. 2010)). Moreover, a plaintiff must allege the direct or personal involvement of each of the named defendants in the alleged constitutional deprivation. *Farid v. Ellen,* 593 F.3d 233, 249 (2d Cir. 2010); *Farrell v. Burke,* 449 F.3d 470, 484 (2d Cir. 2006) ("It is well-settled in this Circuit that personal involvement of defendants in alleged constitutional deprivations is a prerequisite to an award of damages under § 1983.") (quoting *Wright v. Smith,* 21 F.3d 496, 501 (2d Cir. 1994)).

B. **New York City Dismissed**

Plaintiff names the City of New York as a defendant. Congress did not intend municipalities to be held liable under Section 1983, "unless action pursuant to official municipal policy of some nature caused a constitutional tort." *Monell v. Dep't of Social Services*, 436 U.S. 658, 691, 98 S. Ct. 2018, 56 L. Ed. 2d 611 (1978); *see also Jenkins v. City of New York*, 478 F.3d 76, 93-94 (2d Cir. 2007). Thus, "to prevail on a claim against a municipality under Section 1983 based on acts of a public official, a plaintiff is required to prove: (1) actions taken under color of law; (2) deprivation of a constitutional or statutory right; (3) causation; (4) damages; and (5) that an official policy of the municipality caused the constitutional injury." *Roe v. City of Waterbury*, 542 F.3d 31, 36 (2d Cir. 2008) (citing *Monell*, 436 U.S. at 690-91); *see also Johnson v. New York City Police Dep't*, 651 Fed. App'x 58, 60 (2d Cir. 2016)

4

(summary order). "[A] municipality may not be held liable under § 1983 solely because it employs a tortfeasor." *Board of County Comm'rs v. Brown*, 520 U.S. 397, 403, 117 S. Ct. 1382, 137 L. Ed. 2d 626 (1997). There must be a "direct causal link between a municipal policy or custom and the alleged constitutional deprivation." *City of Canton v. Harris*, 489 U.S. 378, 385 (1989).

Plaintiff has failed to allege any facts that would support an inference that an official policy or custom of the City of New York caused a violation of his federally protected rights. In general, plaintiff's allegations as to the City of New York are wholly vague and conclusory. Further, plaintiff's allegations, that the NYPD was "aware" that the defendant police officers "violated his constitutional rights and failed to correct the[ir] reckless behavior," and that other NYPD police officers have violated other people's constitutional rights, do not supply "the direct causal link between a municipal policy or custom and the alleged constitutional deprivation" required to hold the City liable. *City of Canton v. Harris*, 489 U.S. at 385. Accordingly, the § 1983 claim against the City of New York is dismissed for failure to state a claim on which relief may be granted. *See* 28 U.S.C. §§ 1915(e)(2)(B)(ii), 1915A(b).

C. **New York City Police Department Dismissed**

Plaintiff also names the NYPD as a defendant to this action. The Second Circuit has held that the NYPD, as a city agency, is a non-suable entity, pursuant to the New York City

5

Charter.  *Jenkins v. City of New York*, 478 F.3d at 93 n.19 (2d Cir. 2007); *Paige-El v. Herbert*, 735 Fed. App'x 753, 755 (2d Cir. 2018) (summary order);  N.Y.C. Charter § 396 ("[A]ll actions and proceedings for the recovery of penalties for the violation of any law shall be brought in the name of the City of New York and not in that of any agency, except where otherwise provided by law.").  Plaintiff has failed to identify any law that would allow him to proceed against the NYPD.  Therefore, all claims against the NYPD are dismissed for failure to state a claim upon which relief can be granted.  28 U.S.C. §§ 1915(e)(2)(B)(ii), 1915A(b).

### III. Conclusion

Accordingly, plaintiff's claims against the City of New York and the New York City Police Department are dismissed for failure to state a claim on which relief may be granted.  28 U.S.C. §§ 1915(e)(2)(B)(ii), 1915A(b).  No summons shall issue as to the City of New York or the NYPD and the Clerk of Court is directed to correct the caption to reflect their dismissal.

The complaint may proceed against the remaining two defendants:  Police Officer A. Pom Seda, Shield # 8473 of the NYPD's 79th Precinct, and Police Sergeant A. Althaibani, of the NYPD's 88th Precinct.  The Clerk of the Court is directed to issue a summons against these two defendants, serve the summonses, complaint and this Order on these two defendants without prepayment of fees, and note service on the docket.  The Clerk of Court shall send a copy of the complaint and this Order

to the Special Federal Litigation Division of the Office of the Corporation Counsel.  The case is referred to the Honorable Lois Bloom, United States Magistrate Judge, for pretrial supervision.  The court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith.  *Sidbury v. Dep't of Corrections,* No. 19-cv-434 (RRM) 2020 WL 2542117 at *3 (E.D.N.Y. May, 19, 2020) (citing *Coppedge v. United States*, 369 U.S. 438, 444-45 (1962)).

SO ORDERED.

                                                                           /s/
                                            Hon. Kiyo A. Matsumoto
                                            United States District Judge

Dated: May 26, 2020
       Brooklyn, New York